**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

*Attorneys for Plaintiffs and the putative*
*FLSA Collective and Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JORGE ROJAS RODRIGUEZ and RAUL PABLO CANTU, Individually and on Behalf of All Others Similarly Situated,**<br><br>　　　　　**Plaintiffs,**<br><br>**-against-**<br><br><br>**FAMOUS FAMIGLIA 169ST LLC, MOZA CORP., FAMIGLIA 43ST LLC, AFRIM "GINO" IDRIZI and FRANK IDRIZI, Jointly and Severally,**<br><br>　　　　　**Defendants.** | **CLASS & COLLECTIVE ACTION COMPLAINT**<br><br><br>**Jury Trial Demanded** |

　　　　Plaintiffs Jorge Rojas Rodriguez and Raul Pablo Cantu (the "Plaintiffs"), individually and

on behalf of all others similarly situated, as class representatives, upon personal knowledge as to

themselves and upon information and belief as to other matters, allege as follows:

1

## NATURE OF THE ACTION

1.    Plaintiffs are former delivery, cleaning, porter and food prep employees at Defendants' pizzerias located in Manhattan, New York.  For their work, during the relevant time period, Plaintiffs were not paid minimum wages for all hours worked and were not paid overtime premiums for hours worked over forty (40) in a given workweek.

2.    Plaintiffs bring this action to recover unpaid minimum wages and overtime premium pay owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq*. Plaintiffs also bring claims for unpaid spread-of-hours premiums and for failure to provide proper wage notices and wage statements pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

3.    Plaintiffs bring their FLSA claims on behalf of themselves and all other similarly situated employees of Defendants and their NYLL claims on behalf of themselves and a Federal Rule of Civil Procedure 23 class of all non-management employees working for Defendants in New York.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

7.    <u>Plaintiff Jorge Rojas Rodriguez</u> ("Rojas") was, at all relevant times, an adult individual residing in New York County, New York.

8.    <u>Plaintiff Raul Pablo Cantu</u> ("Pablo") was, at all relevant times, an adult individual residing in New York County, New York.

9.    Throughout the relevant time period, Plaintiffs performed work for Defendants at two of their pizzeria locations at 4020 Broadway, New York, New York 10032 and 686 8th Avenue, New York, New York 10036.

10.    Plaintiffs consent in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b), and their consent forms are attached hereto.

**Defendants:**

11.    Famous Famiglia 169ST LLC is an active New York corporation doing business as "Famous Famiglia Pizzeria," with its principal place of business and DOS process address at 4020 Broadway, New York, New York 10032 (the "4020 Broadway Location").

12.    Moza Corp. is an active New York corporation doing business as "Famous Famiglia Pizzeria," with its principal place of business and DOS process address at 686 8th Avenue, New York, New York 10036 (the "686 8th Avenue Location").

13.    Famiglia 43ST LLC is an active New York corporation doing business as "Famous Famiglia Pizzeria," with its principal place of business and DOS process address at 686 8th

3

Avenue, New York, New York 10036.

14.     The corporate entities listed in paragraphs 11-13 are hereinafter referred to collectively as the "Corporate Defendants."

15.     At all relevant times, the Corporate Defendants operated together as a single business enterprise with common management and ownership, utilizing the same practices and policies and, when necessary, sharing employees between the two locations.

16.     Defendants' pizzerias, which are operated through the Corporate Defendants, are engaged in related activities, share common ownership and management, share supplies and employees, and have a common business purpose.

17.     The Corporate Defendants are joint employers of Plaintiffs and the Collective Action Members/Class Members.

18.     Upon information and belief, Defendant Afrim "Gino" Idrizi is an owner and operator of the Corporate Defendants.

19.     According to the New York State Division of Corporations, Defendant Gino Idrizi is the Chief Executive Officer of Moza Corp.

20.     Upon information and belief, Defendant Frank Idrizi is an owner and operator of the Corporate Defendants.

21.     Defendants Gino Idrizi and Frank Idrizi are hereinafter referred to collectively as the "Individual Defendants" and, together with the Corporate Defendants, the "Defendants."

22.     The Individual Defendants maintained operational control over the Corporate Defendants and jointly managed the Corporate Defendants by determining the wages and compensation of employees, establishing the schedule of employees, maintaining employee

records, and through possessing the authority to hire and fire employees, including Plaintiffs.

23. The Individual Defendants jointly employed Plaintiffs, and all similarly situated employees, by acting in the interest of each other with respect to the employees, paying the employees by the same methods, and sharing control over the employees.

24. The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally in their direction and control of Plaintiffs and the Defendants' other similarly situated employees, and are each "employers" pursuant to the FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

25. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

26. At all relevant times, Defendants employed, and/or continue to jointly employ, Plaintiffs and each of the Collective Action members within the meaning of the FLSA.

27. At all relevant times, Plaintiffs, the opt-in plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

28. Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29.     Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiffs bring their First and Second

Causes of Action as a collective action under the FLSA on behalf of themselves and the following

collective:

> All persons employed by Defendants at any time since November
> 13, 2015 and through the entry of judgment in this case (the
> "Collective Action Period") who worked as non-management
> employees at Famous Famiglia Pizzeria located at 4020 Broadway
> and/or 686 8th Avenue in New York, New York (the "Collective
> Action Members").

30.     A collective action is appropriate in this circumstance because Plaintiffs and the

Collective Action Members are similarly situated, in that they were all subjected to Defendants'

illegal policies of failing to pay minimum wage for all hours worked and failing to pay overtime

premiums for work performed in excess of forty (40) hours each week.  As a result of these

policies, Plaintiffs and the Collective Action Members did not receive the legally-required

minimum wages for all hours worked and overtime premium payments for all hours worked in

excess of forty (40) hours per week.

31.     Plaintiffs and the Collective Action Members have substantially similar job duties

and are paid pursuant to a similar, if not the same, payment structure.

## RULE 23 CLASS ACTION ALLEGATIONS

32.     Pursuant to the NYLL, Plaintiffs bring their Third through Seventh Causes of

Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the

following class:

> All persons employed by Defendants at any time since November
> 13, 2012 and through the entry of judgment in this case (the "Class
> Period") who worked as non-management employees at Famous

6

Famiglia Pizzeria located at 4020 Broadway and/or 686 8th Avenue
in New York, New York (the "Class Members").

33.     The Class Members are readily ascertainable. The number and identity of the Class

Members are determinable from the records of Defendants. For purposes of notice and other

purposes related to this action, their names and addresses are readily available from Defendants.

Notice can be provided by means permissible under Fed. R. Civ. P. 23.

34.     The Class Members are so numerous that joinder of all members is impracticable.

35.     Upon information and belief, there are well in excess of forty (40) Class Members.

36.     The questions of law and fact common to the Class predominate over any questions

solely affecting the individual members of the Class. These common questions include, but are not

limited to:

    a.   whether Defendants employed Plaintiffs and the Class Members within the
         meaning of the NYLL;

    b.   whether Defendants failed to keep true and accurate time records for all hours
         worked by Plaintiffs and the Class Members;

    c.   whether Defendants failed and/or refused to pay Plaintiffs and the Class
         Members minimum wage for all hours worked;

    d.   whether Defendants failed and/or refused to pay Plaintiffs and the Class
         Members overtime premiums for hours worked in excess of forty (40) hours
         per workweek;

    e.   whether Defendants failed to pay Plaintiffs and the Class Members an extra
         hour of minimum wage when working shifts or split shifts in excess of ten (10)
         hours;

7

f.   whether Defendants failed to provide Plaintiffs and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

g.   whether Defendants failed to provide proper wage notice to Plaintiffs and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

h.   whether Defendants' failure to properly pay Plaintiffs and the Class Members lacked a good faith basis; and

i.   whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

37.   Plaintiffs' claims are typical of the Class Members' claims. Plaintiffs, like all Class Members, are pizzeria employees of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiffs, like all Class Members, were, *inter alia*, paid less than the statutory minimum wage for all hours worked, were not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, were not paid spread-of-hours premiums when working a shift of ten (10) or more hours and/or a split shift, did not receive proper wage statements and wage notices. If Defendants are liable to Plaintiffs for the claims enumerated in this Complaint, they are also liable to all Class Members.

38.   Plaintiffs and their Counsel will fairly and adequately represent the Class. There are no conflicts between Plaintiffs and the Class Members, and Plaintiffs bring this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages.

39.   Plaintiffs' counsel are experienced class action litigators who are well-prepared to

represent the interests of the Class Members.

40.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

41.     Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

42.     The individual members of the Class have no interest or capacity to bring separate actions; Plaintiffs are unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

**STATEMENT OF FACTS**

**Famous Famiglia Pizzeria**

43.     Upon information and belief, and according to the website of Famous Famiglia Pizzeria, during the relevant time period, there are dozens of Famous Famiglia Pizzeria franchises throughout New York state and the United States, plus several international locations. (http://famousfamiglia.com/locations-worldwide/).

44.     Upon information and belief, and according to the website of Famous Famiglia Pizzeria, brothers Paul Kolaj, John Kolaj and Giorgio Kolaj founded Famous Famiglia Pizzeria and continue to manage and oversee locations. (http://famousfamiglia.com/our-story-team/).

45.     Upon information and belief, the Individual Defendants have operated and managed several Famous Famiglia Pizzeria locations, including the 4020 Broadway Location and the 686 8th Avenue Location.

9

46.     Throughout the relevant time period, the Individual Defendants have owned, operated and managed the 4020 Broadway Location and the 686 8th Avenue Location through the Corporate Defendants.

47.     Defendant Gino Idrizi is a manager and constant presence at the 4020 Broadway Location and has authority to hire and fire employees, makes payroll and personnel decisions, and takes an active role in ensuring that the pizzeria is run in accordance with his procedures and policies as well as the Famous Famiglia Pizzeria franchise rules, procedures and policies.

48.     Defendant Gino Idrizi is also a frequent presence at the 686 8th Avenue Location and takes an active role in overseeing employees and ensuring that the pizzeria is run in accordance with his procedures and policies as well as the Famous Famiglia Pizzeria franchise rules, procedures and policies.

49.     Defendant Frank Idrizi is a manager and constant presence at the 686 8th Avenue Location and has authority to hire and fire employees, makes payroll and personnel decisions, and takes an active role in ensuring that the pizzeria is run in accordance with his procedures and policies as well as the Famous Famiglia Pizzeria franchise rules, procedures and policies.

50.     John Kolaj, a co-founder and Chief Operating Officer at Famous Famiglia Pizzeria according to Famous Famiglia Pizzeria's website (http://famousfamiglia.com/our-story-team/), is a frequent presence at the 4020 Broadway Location and visits approximately once per week to confer with Defendant Gino Idrizi and ensure that the 4020 Broadway Location is run in accordance with the Famous Famiglia Pizzeria franchise rules, procedures and policies.

51.     Upon information and belief, at all relevant times, the Individual Defendants have had power over payroll and personnel decisions at the 4020 Broadway Location and the 686 8th

Avenue Location, including the power to hire and fire employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

52.     Upon information and belief, the Individual Defendants, directly or through their agents and employees, operate and manage the 4020 Broadway Location and 686 8th Avenue Location with the same or substantially similar employment practices and policies, and through common management, ownership and financial control.

**Plaintiffs' Work for Defendants**

53.     **Plaintiff Jorge Rojas Rodriguez** was employed by Defendants as a delivery, porter, cleaning and food prep employee at the 4020 Broadway Location from on or about August 21, 2017 through on or about November 1, 2018 (the "Rojas Employment Period").

54.     Plaintiff Rojas typically spent approximately 60% of his work time performing delivery duties and the remainder of work time performing food preparation, cleaning and porter duties such as unloading soda and other deliveries and stocking the restaurant.

55.     Throughout the Rojas Employment Period, Plaintiff Rojas typically worked six (6) days per week, with Wednesdays off.  At the beginning of the Rojas Employment Period through in or around June 2018, Plaintiff Rojas worked from approximately 10:00 am to approximately 10:00 pm, for a total of twelve (12) hours per shift and seventy-two (72) hours per week. Starting in or around June 2018 to the end of his employment period,  Plaintiff Rojas generally worked from approximately 12:00 pm (noon) through approximately 1:00 am, for a total of thirteen (13) hours per shift and seventy-eight (78) hours per week.

56.     Even after the restaurant closed, Plaintiff Rojas was required to stay late to clean the premises.

11

57.     Plaintiff Rojas was rarely able to take breaks, and when he was able to take breaks, they typically lasted between ten and fifteen (10-15) minutes.

58.     Defendants did not provide any means for Plaintiff Rojas to track his time and, upon information and belief, Defendants did not track Plaintiff Rojas's time worked during his entire employment period.

59.     For his work, throughout the Rojas Employment Period, Plaintiff Rojas was paid  a flat weekly rate of three hundred and sixty dollars ($360) per week.  That weekly rate  did not vary with the number of hours worked per week by Plaintiff Rojas, with the exception set forth below.

60.     On two occasions Plaintiff Rojas was  required to work significant additional hours to cover for an employee who quit.  On the first of those  occasions, Defendant Gino Idrizi paid Plaintiff Rojas an extra sixty dollars ($60).  On the second, Defendant Gino Idrizi paid Plaintiff Rojas an additional forty ($40) dollars.

61.     Plaintiff Rojas received cash and credit card tips from deliveries.  On average Plaintiff Rojas received between approximately forty and fifty dollars ($40-$50) per day in tips, for a weekly average of between approximately two hundred and three hundred dollars ($200-$300).

62.     Plaintiff Rojas was not paid overtime premiums of one and one-half (1.5) times his regular hourly rate for hours over forty (40) each workweek.

63.     Throughout the Rojas Employment Period, Plaintiff Rojas was paid weekly and received his wages entirely in cash from Defendant Gino Idrizi, without a pay stub or any other wage statement providing information about hours worked or the wage rate(s) paid during the work week.

12

64.     At no time did Plaintiff Rojas receive a wage notice or any similar materials setting forth his hourly rate(s), regular date of pay, or notification the tip credit or any other deduction taken by Defendants.

65.     Throughout the Rojas Employment Period, Plaintiff Rojas was required to wear a t-shirt and a hat showing the logo of Famous Famiglia Pizzeria.  Defendants provided these items.

66.     On one occasion Plaintiff Rojas complained to Defendant Gino Idrizi about his long hours and low pay.  Defendant Gino Idrizi told Plaintiff Rojas, "You work twelve hours per day for a payment of $360.  If you don't like it, there's the door."

67.     **Plaintiff Raul Pablo Cantu** was employed by Defendants as a delivery, porter, cleaning and food prep employee from in or around July 2013 through in or around May 2018 (the "Pablo Employment Period").

68.     In or around 2014, the 4020 Broadway Location closed for approximately three (3) months for repairs and renovations.  During this time, Plaintiff Pablo was sent to the 686 8th Avenue Location to work for Defendant Frank Idrizi, who is Defendant Gino Idrizi's brother. During this period, Plaintiff Pablo worked the same hours and was paid in the same manner as when he worked, before and after that time, at the 4020 Broadway Location.  During this time Plaintiff Pablo observed that Defendant Gino Idrizi frequently visited the 686 8th Avenue location to oversee employees and business operations.

69.     Prior to in or around 2015, the Famous Famiglia Pizzeria at the current 4020 Broadway Location was located around the corner on 169th Street.  Before and after the move, which took approximately one (1) month, Defendant Idrizi and the same set of employees, including Plaintiff Pablo, worked at this location of Famous Famiglia Pizzeria.  Defendants

enforced the same policies and procedures, including scheduling and payroll, before and after the move.

70.     Throughout the Pablo Employment Period, Plaintiff Pablo worked six (6) days per week, with Tuesday off.  From the beginning of the Pablo Employment Period through in or around 2016, Plaintiff Pablo worked from approximately 12:00 pm (noon) through approximately 1:00 am, for a total of thirteen (13) hours per shift and seventy-eight (78) hours per week.

71.     In or around 2016, Plaintiff Pablo complained to Defendant Gino Idrizi that he could not work thirteen (13) hours per day.  From in or around 2016 through the remainder of the Pablo Employment Period, Plaintiff Pablo worked Mondays, Wednesdays and Thursdays from 12:00 pm (noon) through 1:00 am; Saturdays he worked from 5:00 pm through 2:00 am; Sundays he worked from 5:00 pm through 1:00 am; and Fridays he worked from 12:00 pm (noon) through 2:00 am for a total of approximately seventy (70) hours per week.

72.     Even after the restaurant closed, Plaintiff Pablo was required to stay to clean the restaurant.

73.     Plaintiff Pablo was rarely able to take a break, and when he was able, his breaks typically lasted between ten and fifteen (10-15) minutes.

74.     Defendants did not provide any means for Plaintiff Pablo to track his time and, upon information and belief, Defendants did not track Plaintiff Pablo's time worked at any point during his employment period.

75.     For his work, throughout the Pablo Employment Period, Plaintiff Pablo was paid a flat weekly rate that did not vary with the number of hours he worked each week.  At the beginning of the Pablo Employment Period, Plaintiff Pablo was paid three hundred and fifty dollars ($350)

14

per week.  In or around 2015, Plaintiff Pablo's weekly rate increased to three hundred and eighty

dollars ($380).  In or around 2016, Plaintiff Pablo's weekly rate increased to four hundred dollars

($400).  In or around 2017, Plaintiff Pablo's weekly rate increased to four hundred and fifty dollars

($450).

76.     Plaintiff Pablo received cash and credit card tips from his deliveries.  He received

between twenty-five and thirty dollars ($25-$30) per day on slow days and between forty and fifty

dollars ($40-50) per day on good days.

77.     Plaintiff Pablo was not paid overtime premiums of one and one-half (1.5) times his

regular hourly rate for hours over forty (40) each workweek.

78.     Throughout the Pablo Employment Period, Plaintiff Pablo was paid weekly and

receives his wages entirely in cash from Defendant Gino Idrizi, without a pay stub or any other

wage statement providing information about hours worked or the wage rate(s) paid during the

work week.

79.     At no time did Plaintiff Pablo receive a wage notice or any similar materials setting

forth his hourly rate(s), regular date of pay, or notification the tip credit or any other deduction

taken by Defendants.

80.     Throughout the Pablo Employment Period, Plaintiff Pablo was required to wear a

t-shirt and a hat showing the logo of Famous Famiglia Pizzeria.  Defendants provided these items.

81.     Plaintiffs were required to provide their own bicycles and pay for repairs out of

pocket in order to make deliveries for Defendants.

82.     During their respective employment periods, although Plaintiffs typically worked

a spread of more than ten (10) hours per day or split shifts, they did not receive spread-of-hours

premiums equal to an additional hour at the applicable minimum wage for such days.

83.    Throughout their respective employment periods, Plaintiffs were not provided with wage notices at hiring, by February 1 of each year, proper wage statements with their wage payments each week, or notifications that Defendants were taking the tip credit in calculating their wages.

84.    Plaintiffs are aware that between ten and sixteen (10-16) employees worked at the 4020 Broadway Location at any one time and that turnover was high and that all employees were paid a flat weekly rate and worked well in excess of forty (40) hours per week.

**Defendants' Unlawful Corporate Policies**

85.    Plaintiffs and the Collective Action and Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay failing to pay minimum wages, overtime premiums, and spread-of-hours premiums.

86.    Plaintiffs have spoken with other employees of Defendants who were similarly paid below minimum wage for all hours worked. Defendants' failure to pay Plaintiffs minimum wages for all hours worked is a corporate policy of Defendants which applies to all of their non-management employees throughout the Class Period.

87.    Plaintiffs have spoken with other employees of Defendants who were similarly paid at the same hourly rate for all hours worked, which did not include overtime premium compensation for hours worked in excess of forty (40) in a given workweek. Defendants' failure to pay Plaintiffs overtime compensation of one and one-half (1.5) times their regular hourly rate for hours over forty (40) each week is a corporate policy of Defendants which applies to non-management employees throughout the Class Period.

88.     Defendants' failure to pay Plaintiffs spread-of-hours premiums for days in which Plaintiffs have worked a spread of more than ten (10) hours and/or a split shift has been a corporate policy which applies to all of their non-management employees who worked more than ten (10) hours in a day and/or a split shift throughout the Class Period.

89.     Defendants' policies of paying certain employees on a "salary" basis rather than an hourly basis after January 1, 2011, violated 12 N.Y.C.R.R. § 146-2.5.

90.     Defendants have not provided Plaintiffs or Class Members with wage notices at the time of hire or by February 1 of each year.

91.     Throughout the Class Period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiffs in positions that require little skill and no capital investment.  Upon information and belief, such individuals were required to work for less than minimum wage and were not paid time and one-half when working in excess of forty (40) hours per week.

92.     Additionally, such individuals were not provided spread-of-hours premiums while working shifts in excess of ten (10) hours, nor were they provided with proper wage statements and wage notices at hiring, by February 1 of each year, or proper wage statements with their wage payments on a weekly basis.

93.     Upon information and belief, throughout the Class Period and continuing until today, defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE
### (Brought on Behalf of Plaintiffs and the Collective Action Members)

94.      Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

95.      By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

96.      The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

97.      Defendants' failure to pay minimum wages for all hours worked caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
### (Brought on Behalf of Plaintiffs and the Collective Action Members)

98.      Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

99.     By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

100.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

101.    Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiffs and the Class Members)**

104.    Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

105.    Defendants willfully violated Plaintiffs' and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

106.    Defendants' failure to pay minimum wage for all hours worked caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for

unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiffs and the Class Members)**

107.    Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

108.    Defendants willfully violated Plaintiffs and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

109.    Defendants' failure to pay overtime premium compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon.  Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FIFTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS**
**(Brought on Behalf of Plaintiffs and the Class Members)**

110.    Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

20

111.     Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than ten (10) hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

112.     Defendants' failure to pay spread-of-hours compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon.  Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### SIXTH CAUSE OF ACTION
### NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICES
**(Brought on Behalf of Plaintiffs and the Class Members)**

113.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

114.     Defendants have willfully failed to supply Plaintiffs and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiffs and the Class Members as their primary language, containing Plaintiffs' and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable;  the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the

employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

115.     Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendant fifty dollars ($50) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**SEVENTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS**
**(Brought on Behalf of Plaintiffs and the Class Members)**

116.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

117.     Defendants have willfully failed to supply Plaintiffs and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

118.    Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a.      Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b.      Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c.      An order tolling the statute of limitations;

d.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.  An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.  An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

i.  Fifty dollars ($50.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b;

j.  Two hundred and fifty dollars ($250.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

k.  An award of prejudgment and post-judgment interest;

24

l.      An award of costs and expenses of this action together with reasonable attorneys'

        and expert fees; and

m.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       November 13, 2018

                                        Respectfully submitted,

                                        **PELTON GRAHAM LLC**

                                        By: _____
                                        Brent E. Pelton (BP 1055)
                                        pelton@peltongraham.com
                                        Taylor B. Graham (TG 9607)
                                        graham@peltongraham.com
                                        111 Broadway, Suite 1503
                                        New York, New York 10006
                                        Telephone: (212) 385-9700
                                        Facsimile: (212) 385-0800

                                        *Attorneys for Plaintiffs and the putative*
                                        *FLSA Collective and Class*

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Famous Famiglia Pizzeria y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío.  Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____
Firma

_____
Nombre Escrito

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Famous Famiglia Pizzeria y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____
Firma

_Raul pablo canto_
Nombre Escrito